UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JENNY JASPER, et al.,

     Plaintiffs,

                             **Case No. 2:16-cv-125**

    v.                       **CHIEF JUDGE EDMUND A. SARGUS, JR.**
                                   **Magistrate Judge Elizabeth Preston Deavers**

**HOME HEALTH CONNECTION, INC.,**

     Defendant.

<u>**OPINION AND ORDER**</u>

This matter is before the Court on Class Plaintiffs' Motion for Conditional Class

Certification, Expedited Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs

[ECF No. 1]. For the following reasons, and subject to the conditions outlined in this Opinion

and Order, Class Plaintiffs' Motion is **GRANTED**.

**I.**

Class Plaintiff Jenny Jasper worked for Defendant Home Health Connection, Inc. as a

home manager, caregiver, or home health aide from December 2013 to February 2016. (Compl.

¶¶ 6–7 [ECF No. 3].) Beginning on October 13, 2015, Jasper contends that her job duties were

no longer subject to an exemption from the Fair Labor Standards Act ("FLSA"). (*Id.* ¶ 9.) From

that date onward, she "was an hourly, non-exempt employee" allegedly entitled to overtime

payments. (*Id.* ¶¶ 9–10.) Since then, however, she was only paid her standard hourly wage, rather

than time-and-a-half, for the hours that she worked over forty each week. (*See id.* ¶ 16.) On

February 10, 2016, Jasper filed a Complaint against Defendant under the FLSA, 29 U.S.C. § 201,

*et seq.*, and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111. (Compl. ¶ 1.)

Jasper brings her suit individually and on behalf of other similarly situated individuals (i.e., any

home manager, caregiver, licensed practical nurse, home health aide, physical therapist, occupational therapist, aide, registered nurse, or other employee who provided companionship services, domestic services, home care, and other in-home services, employed by Defendant between October 13, 2015 and the present, and who worked more than forty hours in a week during that period without receiving time-and-a-half pay). (*Id.* ¶ 16.)

On the same day that she filed her Complaint, Jasper also filed her Motion for Conditional Class Certification, Expedited Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs [ECF No. 1] ("Motion for Conditional Certification"). In that Motion, Jasper requests that the Court (i) conditionally certify her proposed FLSA class, (ii) order Defendant to identify potential opt-in plaintiffs, and (iii) implement a procedure for sending Court approved notice to potential opt-in plaintiffs of the FLSA class. (Mot. for Conditional Certification at 1.) The Motion does not address class certification for Jasper's Ohio Minimum Wage Standards Act claim.

On March 11, 2016, a First Amended Complaint added eight additional opt-in Plaintiffs to this suit. (First Am. Compl. at 2 [ECF No. 11].)[1] Jasper and the newly joined Plaintiffs (collectively, the "Class Plaintiffs") supplemented their Motion for Conditional Certification with declarations from the new Plaintiffs. (*See* Pls.' Supplemental Mem. at 1 [ECF No. 9].) Each Class Plaintiff alleges that she worked for Defendant between October 13, 2015 and the present, that she was an hourly, non-exempt employee, and that she was paid her standard hourly wage for all hours worked over forty per week during that period. (*See* Decls. [ECF Nos. 3-1, 9-1 through 9-8].) Each Class Plaintiff further alleges that Defendant has had a policy since January

---

[1] Dametreka Huff, Monica Dumas, Elizabeth Walton, Cecilia Wenjah, Marva S. Akins, Ramya Ansley, Katelynn Orme, and Kadiatou Kande joined the suit as Class Plaintiffs. (*See* First Am. Compl. at 2.)

1, 2015 of paying hourly, non-exempt employees regular hourly wages, rather than overtime, for hours worked over forty per week. (*See id.*)

Defendant does not oppose conditional certification of an FLSA class. (Mem. in Opp'n to Mot. for Conditional Certification at 1 [ECF No. 17].) Defendant originally objected to several aspects of Class Plaintiffs' Opt-In Notice and notice-related discovery requests. (*Id.*) The parties, however, have since resolved their disputes over the notice-related discovery requests and settled all but one of the disagreements surrounding the Opt-In Notice. (*See* Rule 26(f) Report at 3 [ECF No. 23].)

## II.

"The FLSA requires employers to pay at least a specified minimum wage for each hour worked." *Chao v. Tradesmen Int'l, Inc.*, 310 F.3d 904, 907 (6th Cir. 2002); *see* 29 U.S.C. § 206. Unless an employee is exempted, the FLSA also requires that covered employers pay overtime to employees who work more than forty hours per week. *See* 29 U.S.C. §§ 207(a)(1) and 213; *Jungkunz v. Schaeffer's Inv. Research Inc.*, No. 1:11-cv-00691, 2014 WL 1302553, at *5 (S.D. Ohio Mar. 31, 2014).

To address employer violations, the FLSA provides employees with a private right of action to recover their unpaid compensation. 29 U.S.C. § 216(b). An employee can bring a claim individually and on behalf of "other employees similarly situated." *Id.* Similarly situated employees are permitted to "opt into" the suit if they consent in a writing filed with the Court to become a party. *Comer v. Wal-Mart Stores, Inc.* 454 F.3d 544, 546 (6th Cir. 2006); *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011). "The FLSA does not prescribe a procedure for instituting and managing a collective action against an employer. However, courts

3

generally employ a two-tiered certification approach for deciding whether a suit can proceed as a collective action." *Jungkunz*, 2014 WL 1302553, at *6.

First, in the "initial notice" or "conditional certification" stage, the Court must determine whether to conditionally certify the collective class and whether notice of the lawsuit should be given to putative class members. *Id.* Because the Court has minimal evidence at this stage, the determination is made using a fairly lenient standard. *Swigart*, 276 F.R.D. at 213. To meet this standard, a plaintiff need only demonstrate by a "'modest factual showing'" that he is similarly situated to the employees purported to be potential class members. *Jungkunz*, 2014 WL 1302553, at *6 (quoting *White v. MPW Indus. Servs. Inc.*, 236 F.R.D. 363, 367 (E.D. Tenn. 2006)). A plaintiff can demonstrate that she and other potential class members are similarly situated by showing that "'their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" *Id.* (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009)). A plaintiff can also meet the similarly situated requirement by showing that she and the potential class members "'suffer from a single, FLSA-violating policy' and that 'proof of that policy or of conduct in conformity with that policy proves a violation to all plaintiffs.'" *Id.* (quoting *O'Brien*, 575 F.3d at 585); *see also Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-CV-253, 2015 WL 853234, at *2 (S.D. Ohio Feb. 26, 2015) (When determining whether a plaintiff can meet the similarly situated requirement, courts consider "'whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory plan was submitted[;] and whether as a matter of sound class management, a manageable class exists.'" (quoting *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011))). "Once a court determines that the potential opt-in plaintiffs are 'similarly situated' to the named plaintiffs,

notice is sent, opt-in forms are filed[,] and discovery takes place." *Atkinson*, 2015 WL 853234, at *3.

The second stage of the certification process begins after discovery is completed. *Struck v. PNC Bank N.A.*, No. 2:11-CV-00982, 2013 WL 571849, at *2 (S.D. Ohio Feb. 13, 2013). At this stage, the defendant may file a motion to decertify the class, and the Court will revisit with greater scrutiny the question of whether the class members are actually similarly situated. *Atkinson*, 2015 WL 853234, at *3.

### A.    Conditional Certification

Defendant does not oppose Class Plaintiffs' Motion for Conditional Certification. And in any event, the Court finds that Class Plaintiffs have met the fairly lenient standard for conditional certification. Through their declarations and the allegations in their Motion for Conditional Certification, Class Plaintiffs have made a modest factual showing that they are similarly situated to the employees purported to be potential class members. (*See* Mot. for Conditional Certification at 4–6, 8–10 [ECF No. 1] (contending that "Defendant has followed a policy of not paying time-and-a-half . . . for the hours worked in excess of 40 to its hourly, non-exempt [employees]" and that "Class Plaintiff[s'] claims are not predicated on the unique circumstances of any one hourly, non-exempt employee"); Decls. [ECF Nos. 3-1, 9-1 through 9-8] (alleging that Defendant had a policy of not paying overtime to hourly, non-exempt employees like Class Plaintiffs).)

### B.    The Opt-In Notice

With the proposed class conditionally certified, the Court will now consider Class Plaintiffs' proposed Opt-In Notice. "[T]he Court has the authority to supervise notice to potential plaintiffs." *Lewis*, 789 F. Supp. 2d at 870 (citing *Hoffmann-La Roche v. Sperling*, 493 U.S. 165,

172 (1989) ("By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative.")). Accurate and timely notice concerning the pendency of a collective action promotes judicial economy because it discourages class members from filing numerous identical suits and allows them to pursue their claims in one case where the same issues of law and fact are already being addressed. *Hoffmann-La Roche*, 493 U.S. at 170. Court approved notice, however, must not communicate "to absent class members any encouragement to join the suit or any approval of the suit on its merits." *Swigart*, 276 F.R.D. at 214 (citing *Hoffmann-La Roche*, 493 U.S. at 168–69).

Defendant originally objected to several elements of Class Plaintiffs' proposed Opt-In Notice and notice-related discovery requests. The parties, however, have resolved all but one of those issues. (*See* Rule 26(f) Report at 3 [ECF No. 23].)

Defendant contends that the Notice should include a warning as to "the uncertain legal status of the companionship exemption in light of the pending Petition for Certiorari in *Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084 (D.C. Cir. 2015)." (Mem. in Opp'n to Mot. for Conditional Certification at 5–6 [ECF No. 17].) Defendant insists that the following language should be included in the Opt-In Notice:

> The Plaintiffs who are bringing this collective action rely on recent changes to the FLSA to argue that they are entitled to overtime compensation due to their joint employment by Defendant. Effective October 13, 2015, the Department of Labor implemented a rule that eliminates application of an overtime pay exemption that previously exempted opt-in members of this putative class action from overtime pay. 29 C.F.R. § 552.109(c). Plaintiffs acknowledge that this provision was held invalid by the United States District Court for the District of Columba in *Home Care Ass'n of Am. v. Weil*, 76 F. Supp. 3d 138 (D.D.C. 2014) However, the District of Columbia Circuit Court of Appeals subsequently reversed the lower court's decision, finding that the provision is valid. *Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084 (D.C. Cir. 2015). A petition for certiorari in the case is currently pending before the United States Supreme Court (U.S. Nov. 18, 2015) (No. 15-683). If certiorari is granted[2], and if the United States Supreme Court reverses the appeals court decision, you may be

> required to return or repay any compensation that you receive in this collection action. A copy of the Home Health Care Association of America's petition for writ of certiorari in the case is attached hereto.

(Mem. in Opp'n to Mot. for Conditional Certification at 5 & n.2 (noting in a footnote to this text that "The Court denies the vast majority of petitions and thus leaves the decision of the lower court to stand without review.").)

Class Plaintiffs, by contrast, argue that this language is confusing and unnecessary. The Court agrees. The Notice already communicates the effect of joining the lawsuit. (Proposed Opt-In Notice § VII [ECF No. 23] (explaining that class members "may be entitled to a money recovery" if the Court rules in their favor but "will be entitled to no relief" and "could be partially responsible for Defendant's litigation costs" if the Court rules in Defendant's favor).) A lengthy legal analysis of the potential merits of the case hardly seems necessary or appropriate for an opt-in notice. Defendant's proposed language would almost certainly prove more confusing than informative to potential class members. And even if the potential class members could decipher Defendant's proposed language in any meaningful way, Defendant's language also fails for its speculativeness. Defendant argues that the potential class members should be warned about the uncertain legal status of Class Plaintiffs' FLSA claim because the class members "may be required to return or repay any compensation that [they] receive in this collection action" depending on how the United States Supreme Court resolves the pending certiorari petition. (*See* Mem. in Opp'n to Mot. for Conditional Certification at 5–6.) But before Defendant's warning could come to fruition, a series of uncertain events would need to occur. Plaintiffs would need to prevail in this suit on their FLSA claim; Plaintiffs would need to receive compensation under their FLSA claim; the Supreme Court would need to grant certiorari—a statistically unlikely prospect given that the Supreme Court hears roughly 80 cases out of the

approximately 8,000 petitions that it receives each term;[2] the Supreme Court would need to reverse the D.C. Circuit's decision; and Defendant would need to obtain some type of authority to retrieve funds already paid to Plaintiffs. Defendant does not offer any precedent for including such speculative and merits-based language in an opt-in notice, (*see generally id.*), and the Court is unaware of any cases from this district in which similar language has been approved for distribution to potential class members.

As an alternative to including its proposed language in the Notice, Defendant suggests in a footnote that the Court could stay this case until the Supreme Court responds to the pending certiorari petition (and potentially until the Supreme Court decides the merits of the appeal). (*See id.* at 6 n.3.) Given that Defendant has not actually moved for a stay, and thus the parties have not adequately briefed the issue, the Court declines to consider Defendant's suggestion.[3]

## III.

For the reasons stated above, and subject to the conditions outlined in this Opinion and Order, Class Plaintiffs' Motion for Conditional Class Certification, Expedited Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs [ECF No. 1] is **GRANTED**.

The Court **CONDITIONALLY CERTIFIES** an FLSA class consisting of any home manager, caregiver, licensed practical nurse, home health aide, physical therapist, occupational therapist, aide, registered nurse or other employee who provided companionship services, domestic services, home care, and other in-home services, employed by Home Health

---

[2] *Frequently Asked Question (FAQ)*, U.S. Sup. Ct. (Apr. 17, 2016), http://www.supremecourt.gov/faq.aspx#faqgi9 (responding to the question "How many cases are appealed to the Court each year and how many cases does the Court hear?").

[3] As an aside, the last paragraph of Section VII of the proposed Opt-In Notice contains a typo that Class Plaintiffs should correct: "By joining this lawsuit, you are designating *then* attorneys indicated in Section IX to represent your interest." (Proposed Opt-In Notice § VII [ECF No. 23] (emphasis added).)

Connection, Inc. between October 13, 2015 and the present, and who worked more than forty hours in a week during that period without receiving time-and-a-half pay.

Within **SEVEN (7) DAYS** of the issuance of this Opinion and Order, Defendant shall, if it has not already done so, provide Class Plaintiffs with names, residential and business addresses, and email addresses for all employees, both current and former, employed by Defendant since October 13, 2015 who provided companionship services. Class Plaintiffs shall make the changes to the Opt-In Notice mandated by this Opinion and Order. And Class Plaintiffs shall mail the updated Opt-In Notice and consent form to prospective class members within **TEN (10) DAYS** of receiving from Defendant the information outlined above.

**IT IS SO ORDERED.**

| | |
|---|---|
| 6-1-2016 | |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **CHIEF UNITED STATES DISTRICT JUDGE** |

9